U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 25 2005

CHARLENE J. KENNEDY, CLERK
BY_____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE: § CASE NO. 05-50095
§ Chapter 11
DALESON ENTERPRISES, LLC d/b/a §
JONES COUNTY REST HOME §

## MEMORANDUM IN SUPPORT OF WRONGFUL DEATH BENEFICIARIES' MOTION TO LIFT AUTOMATIC STAY

COMES NOW, Catherine M. Arrington, as Personal Representative of Lee Arrington, Deceased and on Behalf of the Wrongful Death Beneficiaries of Lee Arrington, Deceased, (hereinafter "Movant" or "Beneficiaries") by and through her counsel of record, and submits this Memorandum in Support of Motion to Lift Automatic Stay as follows:

1.1 Pursuant to 11 U.S.C. § 362(d)(1):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest...

(emphasis added)

1.2 "Cause" is not defined by the Bankruptcy Code. Consequently, a Bankruptcy Court must decide what constitutes "cause --- to lift the automatic stay on a case-by-case basis." In re Rexene Products Company, 141 B. R. 574, 576 (Bankr. D. Del. 1992), citing In the Matter of Fernstrom Storage and Van Company, 938 F. 2d 731, 735 (7th Cir. 1991). The legislative history of Section 362 states that cause may be established by a single factor such as "a desire to permit an action to proceed... in another tribunal," or "lack of any connection with or

interference with the pending bankruptcy case." Rexene, 141 B. R. at 576, *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

1.3 Relief from the automatic stay should be granted to allow proceedings to go forward in the forum of origin, assuming the bankruptcy estate will not be prejudiced. Rexene, 141 B. R. at 576, *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977). Movant respectfully submits that it is in the interest of judicial economy and fairness to permit the Personal Injury Action to continue in its original forum, especially since this is an action which can and should be adjudicated elsewhere.

1.4 In Rexene, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

    a. the Debtor or the Debtor's estate will not be greatly prejudiced by continuing the civil suit;
    b. the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the Debtor; and
    c. the movant has a reasonable chance of prevailing on the merits.

Rexene, 141 B. R. at 576. Accord In re Continental Airlines, Inc., 152 B. R. 420, 424 (D. Del. 1993); see also Fernstrom, 938 F. 2d at 735.

1.5 All three factors weigh heavily in favor of lifting the automatic stay to permit the Personal Injury Action to proceed to completion. Trying the Personal Injury Action to judgment will not harm the Debtor since it is represented in the Personal Injury Action by local insurance defense counsel, and the Personal Injury Action will require no significant time commitment from the bankruptcy counsel or any employees who might be centrally involved in the Debtor's reorganization efforts. See Rexene, 141 B. R. at 577 (that the Debtor was represented by separate, local counsel weighed in favor of lifting the automatic stay).

2

1.6     Furthermore, the Debtor may have adequate insurance coverage to satisfy any reasonably anticipated adverse verdict in the Personal Injury Action. The Beneficiaries seek to first recover on any judgment obtained against the Debtor from available insurance coverage, which is property in which the Debtor has no interest. In re Louisiana World Exposition, Inc., 832 F. 2d 1391 (5th Cir. 1987); Matter of Edgeworth, 993 F. 2d 1 (5th Cir. 1993). Since the insurance proceeds are not property of the Debtor's estate, they cannot be necessary for an effective reorganization or be property in which the Debtor has equity. Should any portion of the Beneficiaries' judgment or settlement be subject to a self-insured retention or deductible, they will seek further relief from this Court prior to taking further action to enforce the Beneficiaries' rights against the Debtor.

1.7     The second prong of the Rexene test is likewise clearly met. The hardship imposed on the Beneficiaries by maintenance of the automatic stay would considerably outweigh the hardship to the Debtor if the stay were lifted. Firstly, although the statute of limitations is tolled as to the Beneficiaries' claims against the Debtor, there is no such tolling provision applicable to claims that the Beneficiaries may have against non-debtor third parties who may be liable in tort to the Beneficiaries. The identity of these tortfeasors, and the facts and evidence available to support any such claims, remain unavailable to the Beneficiaries so long as the automatic stay remains in effect. For example, through discovery the Beneficiaries may learn the identity of some person or persons, agencies, or independent contractors, who neglected Mr. Arrington contributing to Mr. Arrington's injuries including death. Because Beneficiaries are precluded from conducting further discovery in this action, their potential claims against the unnamed co-defendants are becoming severely and irreparably prejudiced due to the potential running of the applicable statute of limitations.

3

1.8     Secondly, since much of the evidence necessary to support Beneficiaries' claims against the Debtor and any unnamed potential co-defendants is based upon the personal recollections of former caregivers, the automatic stay results in severe prejudice to the case, in that, with time, memories fade, former employees relocate, disappear, or become otherwise unavailable, and records become lost or destroyed. It is difficult enough outside of bankruptcy to retrieve records from nursing home companies. With the added delay of the automatic stay, the resultant prejudice to the Beneficiaries in terms of the unavailability of witnesses and documentary evidence presents a real and substantial prejudice.

1.9     The Beneficiaries are being deprived of the right to advance this case to trial, and continue to suffer hardship due to the delay and will suffer additional prejudice by having to wait for the trial to be scheduled for a later date. Rexene, 141 B. R. at 577.

1.10    The attorneys, witnesses and parties are primarily located in Mississippi. In addition, Mississippi law governs the issues of liability and damages in personal injury actions. Finally, the liquidation of Movant's personal injury claim clearly cannot occur in this court. See 28 U.S.C. § 157(b)(5). See Rexene, 141 B. R. at 577.

1.11    With regard to the third Rexene prong, the required showing of probability of success on the merits is "very slight." Id. at 578. In fact, in cases where the court determines the decision-making process should be relegated to a body other than the bankruptcy court, only "strong defenses" to state court actions should prevent the court from granting relief from the stay. Rexene, 141 B. R. at 578, quoting In re Fonseca, 110 B. R. 191, 196 (Bankr. E. D. Pa. 1990); see also v. Fernstrom, 938 F. 2d at 737 (the court lifted the automatic stay where underlying action was not frivolous).

4

1.12     The Beneficiaries have clearly met the burden of showing prejudices that outweigh the inconveniences to the Debtor. The Beneficiaries respectfully submit that in view of the foregoing, the automatic stay should be lifted to allow Catherine Arrington to pursue the referenced claims in the Personal Injury Action on behalf of herself and the other wrongful death beneficiaries of Lee Arrington and to enable her to seek recovery from the available insurance coverage should the Personal Injury Action prevail. The Debtor's estate will not be prejudiced by continuing the Personal Injury Action, the hardship to the Beneficiaries by maintaining the automatic stay greatly outweighs the hardship to the Debtor, and the Beneficiaries have a substantial chance of prevailing on the merits.

1.13     In balancing the equities involved in this case, it is appropriate to modify the automatic stay to permit the Beneficiaries to continue the Personal Injury Action. As stated, no great prejudice to the Debtor or its estate will result by allowing the Personal Injury Action to proceed. By modifying the automatic stay to allow the Beneficiaries to liquidate the claim against the Debtor and other Defendants in the Personal Injury Action, the Beneficiaries will have no advantage over other creditors of the Debtor's estate. Indeed, because insurance coverage is available to the Debtor (and other Defendants) with respect to the cause of action asserted or that may be asserted in the Personal Injury Action, there will be little, if any, financial burden on the Debtor or its creditors if the Beneficiaries are permitted to proceed with the Personal Injury Action.

1.14     Lifting the stay to permit the Personal Injury Action to proceed is the most expeditious and cost-effective means of liquidating the Personal Injury Action. Lifting of the automatic stay is also appropriate where, as in the Personal Injury Action, the issues presented are governed solely by state law and the litigation involves third parties over whom the

5

bankruptcy court lacks jurisdiction. Finally, the Beneficiaries have demonstrated a probability of success on the merits in the Personal Injury Action as reflected by the pleadings filed in the state court.

1.15 Given the foregoing, cause exists to modify the automatic stay to permit Movant to (i) proceed with the Personal Injury Action though judgment and appeal, if any; (ii) collect against any applicable insurance coverage held by the Debtor and other Defendants for the benefit of the Beneficiaries; and (iii) file an amended proof of claim within thirty (30) days of the entry of a final order in the Personal Injury Action liquidating the Beneficiaries' claims, in the amount of the judgment less any applicable insurance proceeds received or amounts received from the other Defendants.

1.16 Numerous cases have held that the discharge is personal to the Debtor. It cannot be used to shield third parties from liability based on the debtor's actions and does not bar the bringing of an action against the Debtor as a prerequisite to collecting against a third party such as an insurer. Depending on the posture of the case, this result is achieved by denying the Debtor's motion to raise the bankruptcy discharge defense in the action where it is a nominal defendant or by granting a modification of the permanent injunction under 11 U.S.C. 1141 by the bankruptcy court to allow the action against the Debtor to obtain judgment but not allowing collection from the Debtor. In re Doar, 234 B. R. 203 (Bankr. N. D. Ga. 1999) (Bankruptcy law is clear and nearly unanimous that discharge in bankruptcy does not bar a creditor from maintaining a state court action against a Debtor, nominally, for the purposes of establishing liability as a prerequisite to proceeding against a Debtor's liability insurer) citing In re Jet Florida Systems, Inc., 883 F. 2d 970 (11th Cir. 1989) (per curium), Matter of Edgeworth, 993 F. 2d 5 (5th Cir. 1993), Hendrix v. Page, 986 F. 2d 195 (7th Cir. 1001), Green v. Welsh, 956 F. 2d 30 (2nd Cir.

1992) (citing numerous cases), In re Shondel, 950 F. 2d 1301 (7th Cir. 1991), In re Western Real Estate Fund, Inc., 922 F. 2d 592 (10th Cir. 1990) (per curium); In re W. G. Wade Shows, Inc., 234 B. R. 186 (Basilr. M. D. Fla. 1999) (injunction modified to allow tort claimant to proceed with personal injury lawsuit against Chapter 11 Debtor as nominal defendant to establish liability and seek recovery against insurer); In re Pettibone Corp., 166 B. R. 220 (Bankr. N. D. El 1991) aff'd 163 B. R. 989 (N. D. 1994), aff'd 40 FM 175 (7th Cir. 1994) (injunction modified to allow personal injury claimant to failed to file a timely proof of claim to proceed against Debtor as a nominal defendant for purposes of collecting against the insurer); In re Coho Resources, 345 F. 3d 338 (6th Cir. 2003) (noting in n. 14 that procedural approaches vary with that some courts simply concluding that discharge injunction is not a bar, others modifying the injunction to allow such suits, and others have granting relief from the automatic stay).

For the foregoing reasons, Catherine M. Arrington respectfully requests this Court to grant the relief requested in her Motion to Lift the Automatic Stay.

This the 24th day of May, 2005.

                          CATHERINE M. ARRINGTON AS PERSONAL
                          REPRESENTATIVE OF LEE ARRINGTON,
                          DECEASED AND ON BEHALF OF THE
                          WRONGFUL DEATH BENEFICIARIES OF LEE
                          ARRINGTON, DECEASED

By: _____
    Jonathan B. Fairbank

7

OF COUNSEL:

Jonathan B. Fairbank, MSB#5119
Post Office Box 13276
Jackson, Mississippi 39236-3276
Telephone: (601) 956-8999
Facsimile: (601) 957-9779
E-Mail: Jfairb1639@AOL.com

## CERTIFICATE OF SERVICE

I certify that I have served the following persons by mailing a true and correct copy of the above and foregoing MEMORANDUM IN SUPPORT OF WRONGFUL DEATH BENEFICIARIES' MOTION TO LIFT AUTOMATIC STAY to their last known addres:

Lisa Williams McKay, Esquire
Post Office Box 750
Jackson, Mississippi 39205-0750

Craig M. Geno, Esquire
Post Office Box 3380
Ridgeland, MS. 39158-3380

Ronald H. McAlpin, Esquire
Assistant U.S. Trustee
100 W. Capitol Street, Suite 706
Jackson, MS. 39269

This the 24 day of May, 2005.

Jonathan B. Fairbank