IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
DALESON ENTERPRISE, LLC                                         CHAPTER 11
D/B/A JONES COUNTY REST HOME                          CASE NO. 05-50095

## SECOND MOTION FOR ADDITIONAL TIME WITHIN WHICH TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY

COMES NOW Daleson Enterprise, LLC d/b/a Jones County Rest Home (the "Debtor"), and files this its Second Motion for Additional Time Within Which to Assume or Reject Unexpired Leases of Non-Residential Real Property (the "Second Motion"), and in support thereof, would respectfully show unto this Honorable Court the following:

1. On January 10, 2005, the Debtor filed with this Court a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. This Honorable Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. Section 157 and 134; 11 U.S.C. Sections 105, 361, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. Prior to the filing of the Petition herein, the Debtor entered into certain agreements, including, but not necessarily limited to, arrangements with Jones County, Mississippi and with Zumwalt, Inc. (collectively, the "Lessors"), which may be characterized as lease agreements. The transactions may also be characterized as secured transactions.

4. On May 11, 2005, the Court entered its Order granting to the Debtor an extension to June 9, 2005, within which to reach a determination as to whether or not it should assume or reject unexpired leases of non-residential real property in this Chapter 11 case.

5. The Debtor has still not made a determination with regard to the assumption or rejection of the alleged unexpired leases with the Lessors, or as to the assumption or rejection of any other leases of non-residential real property.

6. The Debtor will need an additional ninety (90) days, or until at least September 7, 2005, within which to reach a determination as to whether or not it should assume or reject unexpired leases of non-residential real property in this Chapter 11 case.

7. The requested second herein is in the best interest of the Debtor, its estate and all creditors and parties-in-interest.

8. The requested second extension will not cause any undue prejudice to any creditors and parties-in-interest herein, but rather, will allow the Debtor to make a determination with regard to the assumption and/or rejection issues.

9. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, the Court will enter its Order further extending the deadline for assuming or rejecting unexpired leases of non-residential real property until at least September 7, 2005. The Debtor prays for general relief.

THIS, the 8th day of June, 2005.

          Respectfully submitted,

          DALESON ENTERPRISE, LLC
          D/B/A JONES COUNTY REST HOME

          By Its Attorneys
          HARRIS & GENO, PLLC

          By: /s/ Craig M. Geno
            Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
Jeffrey K. Tyree, Esq.; MSB No. 9049
Melanie T. Vardaman, Esq.; MSB No. 100392
Harris & Geno, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Daleson & Medforce\Daleson.Jones County\Pleadings\Assume\Extension\2nd\Motion.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing instrument to the following:

Ronald H. McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS  39269

THIS, the 8th day of June, 2005.

_____
Craig M. Geno