U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 02 2005
CHARLENE J. KENNEDY, CLERK
BY_____\u_____DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
DALESON ENTERPRISE, LLC                         CHAPTER 11
D/B/A JONES COUNTY REST HOME                    CASE NO. 05-50095

## MOTION FOR AUTHORITY TO PURCHASE REAL PROPERTY

COMES NOW Daleson Enterprise, LLC d/b/a Jones County Rest Home (the "Movant" or the "Debtor"), and files this its Motion for Authority to Purchase Real Property (the "Motion"), and in support thereof, would respectfully show unto this Honorable Court the following:

1. On January 10, 2005, the Debtor filed with this Court in the Gulfport Divisional Office of the Southern District of Mississippi a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. On January 21, 2005, the Debtor filed its Motion for Change of Venue, and on April 12, 2005, the Court granted the Motion and the case was thereby transferred to the Jackson Divisional Office.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. Sections 157 and 1334; 11 U.S.C. Sections 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. The Debtor currently occupies real property for the purpose of operating a nursing home that it leases from Jones County, Mississippi. The Debtor's real estate lease expires in late 2005 and, as a result, the Debtor needs to acquire additional property upon which to continue its nursing home operations.

4. The Debtor has secured a parcel of property which is suitable to the Debtor upon which to locate its nursing home operations.

5. The land is a 20.9 acre plot that is located on Hwy. 29 South in Ellisville, Mississippi, plus an additional parcel located nearby of approximately one-half acre. The seller is Neill Development Company/Robert Neill (the "Seller").

6. The total purchase price for the real property to be acquired is Two Hundred Sixty Thousand Eight Hundred Dollars ($260,800.00). The closing is to occur within thirty days of state approval of the purchase and the operation of the nursing home. The Debtor will submit a $5,000.00 earnest money deposit to secure the contract.

7. The Debtor must have land and building in which to operate. There is no other suitable building in, or upon, which the Debtor could conduct its nursing home operations.

8. The real property sought to be purchased is suitable for the Debtor's needs. The purchase price for the real property is fair, reasonable and appropriate under the circumstances.

9. The Seller is a good-faith seller.

10. Accordingly, the Debtor respectfully urges the creditors to adopt the Motion and approve the purchase of the real property.

11. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor files this Motion and respectfully prays that upon a hearing hereof, the Court will enter its Order approving the Motion and the requests contained herein. Debtor prays for general relief.

THIS, the 27th day of May, 2005.

> Respectfully submitted,
>
> DALESON ENTERPRISE, LLC
> D/B/A JONES COUNTY REST HOME
>
> By Its Attorneys
> HARRIS & GENO, PLLC
>
> By: _____
>     Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
Jeffrey K. Tyree, Esq.; MSB No. 9049
Melanie T. Vardaman, Esq.; MSB No. 100392
Harris & Geno, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Daleson & Medforce\Daleson.Jones County\Pleadings\Purchase\Motion.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing instrument to the following:

Ronald H. McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269

THIS, the 27th day of May, 2005.

_____
Craig M. Geno

3