UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In re:

Daleson Enterprises, LLC,

    Debtor.

Case No. 05-50095-EE
Chapter 11

## MOTION FOR ORDER REQUIRING ACTION PRIOR TO LEASE TERMINATION

COMES NOW the Jones County Board of Supervisors (the "*Board*"), by and through undersigned counsel, and moves the Court for an order compelling the Debtor, Daleson Enterprises, LLC, to take certain actions prior to and in connection with termination of its lease with the Board. In support of this motion, the Board represents as follows:

1. The Debtor filed its voluntary petition herein on January 10, 2005 ("*Petition Date*") and has continued to operate is business and maintain possession of its properties and assets as debtor-in-possession pursuant to §§ 1107 and 1108 since that time.

2. The Debtor is presently the operator of the Jones County Rest Home, a nursing home facility located in Ellisville, Jones County, Mississippi. The Jones County Rest Home is a facility that was built in 1953 and is owned by Jones County, Mississippi, and is subject to the authority of and governed by the Board. There are 122 skilled nursing beds in the facility.

3. The premises were previously leased by the Board to Donna D. Zumwalt, first as assignee of Charles T. Smith, under that certain lease dated September 18, 1995, and subsequently under a lease dated November 20, 2000 (the "*Lease*"). Donna D. Zumwalt thereafter assigned her leasehold interest in the facility to the Debtor with authorization to do so

JO:99306608-1

duly granted by the Board pursuant to an order dated February 25, 2002, and upon information and belief sold to the Debtor certain equipment used in the operation of the facility.

4. The Lease terminates pursuant to its terms on December 31, 2005 (the "*Termination Date*"). The Lease will not be renewed and another operator will assume control of the facility to operate the same for and on behalf of Jones County beginning January 1, 2006. In order to ensure that operations at the facility are not compromised in any way and that the patients in the facility continue to receive all necessary care without interruption or delay, it is necessary that the Debtor take certain actions and/or provide the Board and/or its new operator access to information, personnel and facilities prior to the termination date.

5. Accordingly, the Board requests that the following actions occur with the following time periods:

    A. <u>Inspection of Premises</u>. Due to damage sustained in Hurricane Katrina, the new operator needs to inspect the integrity of the structure in order to develop a strategy for repairing/correcting any deficiencies prior to taking possession or otherwise as soon as possible. This inspection needs to take place **12 weeks** prior to the Termination Date.

    B. <u>Inventory of Equipment</u>. The new operator needs to inventory and inspect all equipment that is not owned by the Debtor and which will remain at the facility. This information needs to be determined **10 weeks** prior to the Termination Date. Again, due to Hurricane Katrina, it is expected that healthcare equipment is in high demand and that this information must be obtained quickly in order to ensure that any new equipment that must be purchased and delivered.

    C. <u>Access to Personnel and Personnel Records</u>. It will be necessary for at least some of the current staff to remain employed by the new operator so that continuity of operations is sustained. The new operator needs the opportunity to interview personnel for retention, review their personnel files and to perform background checks **4 weeks** prior to the Termination Date.

JO:99306608-1

2

D.     <u>Meeting with Patients' Families</u>. Further to a smooth transition is the need for patients' families to understand what is happening and to give them information about the new operator. The new operator needs **4 weeks** prior to the Termination Date to conduct these meetings and thus needs each patients' family contact information.

E.     <u>Medical Records</u>. The most significant information needed by the new operator is all patient medical records, including the Medication Administration Records which tell all medications each resident receives. Because the medications administered can change fairly quickly, the new operator believes that it needs full access to all resident medical records **3 weeks** prior to the Termination Date so that its personnel can become familiar with residents' needs and to establish necessary relationships with pharmaceutical suppliers.

6.     The Board believes that an order requiring the Debtor to permit the foregoing and the Debtor's strict compliance with these timelines is necessary in order for the efficient transition of the facility's operation to the new operator. The Board further believes that an order is necessary in light of the fact that the intentions reflected in the Debtor's presently filed plan and disclosure statement appear to conflict with the fact that the Lease will terminate on December 31, 2005.

7.     Given the impending expiration/termination of the Lease and the necessary actions that must be taken in order to ensure that an uninterrupted transition can occur, time is of the essence. To the extent necessary, the Board further requests that proceedings on this motion be expedited.

DATED ON THIS the 28th day of September, 2005.

[signature on following page]

JO:99306608-1          3

Respectfully submitted,

**JONES COUNTY BOARD OF SUPERVISORS**

By: _____
Douglas C. Noble, MS Bar No. 10526
Christopher R. Maddux, MS Bar No. 100501

**PHELPS DUNBAR LLP**
111 East Capitol, Suite 600
Post Office Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Facsimile: (601) 360-9777

Jeffrey S. Moore
Byron N. Brown
**PHELPS DUNBAR LLP**
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804
Post Office Box 1220
Tupelo, Mississippi 38801-1220
Telephone: (662) 842-7907
Facsimile: (662) 842-3873

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served a copy of the foregoing upon the following persons via United States Mail, First Class, postage prepaid:

Craig M. Geno
Melanie T. Vardaman
HARRIS & GENO, P.A.
P.O. Box 3380
Ridgeland, MS  39158-3380

Office of U.S. Trustee
A.H. McCoy Federal Building
Suite 706
100 W. Capitol Street
Jackson, Mississippi 39296

SO CERTIFIED this the 26th day of September, 2005.

_____
Christopher R. Maddux