U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT - 6 2005
CHARLENE J. KENNEDY, CLERK
BY_____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
DALESON ENTERPRISE, LLC                          CHAPTER 11
D/B/A JONES COUNTY REST HOME                     CASE NO. 05-50095

### ANSWER AND RESPONSE OF DEBTOR TO MOTION FOR ORDER REQUIRING ACTION PRIOR TO LEASE TERMINATION

COMES NOW Daleson Enterprise, LLC d/b/a Jones County Rest Home (the "Debtor"), and files this its Answer and Response to Motion for Order Requiring Action Prior to Lease Termination (the "Motion"), filed herein by the Jones County Board of Supervisors (the "Movant") and in support thereof, Debtor answers and alleges as following:

1. Admitted.

2. Admitted.

3. Admitted.

4. Debtor admits the lease terminates pursuant to its terms on December 31, 2005. The remaining allegations, inferences and conclusions of Paragraph 4 of the Motion are denied. Debtor seeks additional time to remain on the premises until such time as its new facility can be constructed.

5. The remaining allegations, inferences and conclusions of Paragraph 5 of the Motion are denied. Responding affirmatively, Debtor would show that there is no equipment that is not owned by the Debtor and which will remain at the facility. Further, attempts to persuade members of the current staff of the Debtor to become employed with an unnamed and non-existent successor, constitutes interferences with those employees' relationships with the Debtor. The same holds true with respect to attempts to meet with patients' families. With respect to medical records, those records belong to the Debtor and not to any alleged successor.

6. The allegations, inferences and conclusions of Paragraph 6 of the Motion are denied. The Court should use its equitable powers to preserve the ongoing operations of the Debtor until such time as the Debtor's new facility can be constructed.

7. The allegations, inferences and conclusions contained in Paragraph 7 of the Motion are denied.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order denying the relief demanded within the Motion and denying other relief in the premises to the Movant. Debtor prays for general relief.

Respectfully submitted,

DALESON ENTERPRISE, LLC
D/B/A JONES COUNTY REST HOME

By Its Attorneys
HARRIS & GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
Jeffrey K. Tyree, Esq.; MSB No. 9049
Melanie T. Vardaman, Esq.; MSB No. 100392
Harris & Geno, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile
F:\Users\Bankrupt\Daleson & Medforce\Daleson.Jones County\Pleadings\Answer to Mtn for Order.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing instrument to the following:

Ronald H. McAlpin, Esq.
Office of the United States Trustee
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269

Christopher R. Maddox, Esq.
PHELPS DUNBAR, LLP
P.O. Box 23066
Jackson, MS 39225-3066

THIS, the 3rd day of October, 2005.

_____
Craig M. Geno