UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In re:

Daleson Enterprises, LLC,

      Debtor.

Case No. 05-50095-EE
Chapter 11

ORDER GRANTING (1) DEBTOR'S SECOND MOTION FOR ADDITIONAL TIME WITHIN WHICH TO ASSUME OR REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY, (2) JONES COUNTY BOARD OF SUPERVISORS' MOTION FOR ORDER REQUIRING ACTION PRIOR TO LEASE TERMINATION AND (3) OTHER RELATED RELEIF

THIS CAUSE came before the Court for hearing on November 23, 2005, on (1) the Second Motion for Additional Time within which to Assume or Reject Unexpired Lease of Non-Residential Real Property (the "*Debtor Motion*") filed by the Debtor herein, Daleson Enterprises, LLC (the "*Debtor*"), and the Objection thereto filed by the Jones County Board of Supervisors (the "*Board*"); and (2) the Motion for Order Requiring Action Prior to Lease Termination (the "*Board Motion*") filed by the Board and the Objection thereto filed by the Debtor. The Court, being advised that the Debtor and the Board have resolved the issues between them with regard to both Motions as announced into the record by counsel for the parties and as more fully set forth below, hereby finds and orders as follows with all of the following stipulated and agreed to by and between the Debtor and the Board:

IT IS HEREBY ORDERED that the Debtor Motion is hereby GRANTED, and the Objection thereto OVERRULED, with the Debtor being granted an extension until December 31, 2005, to move to assume or reject any unexpired leases of non-residential real property.

JO 99313608-3

1

IT IS FURTHER ORDERED that the Board Motion is GRANTED as more fully set forth herein, and the Debtor's Objection thereto is OVERRULED.

IT IS FURTHER ORDERED that the stipulation and agreement of the parties with respect to implementation of the relief granted to the Board regarding the Board Motion, which is as follows, is hereby approved in full:

1. The Debtor holds a leasehold interest in the premises known as the Jones County Rest Home located in Ellisville, Jones County, Mississippi, as sublessee under a sublease from Zumwalt, Inc. Zumwalt, Inc. is a lessee of the premises pursuant to a lease with the Board, as the fee simple owner of the premises and the owner of the license to operate the facility, which terminates by its terms on December 31, 2005 (the "*Termination Date*"). Thus, the Debtor's rights to occupy the premises terminate on the Termination Date.

2. After the Termination Date, the Jones County Rest Home will be operated by a new lessee (the "*New Operator*"), pursuant to a new lease with the Board. In order to ensure that the health, safety and welfare of the residents of the facility are not compromised and that the transition of operation from the Debtor to the new lessee is without incident, it is necessary for certain actions to take place prior to the Termination Date which both the Debtor and the Board agree to take in mutual cooperation, including but not limited to the following:

    A.    <u>Inspection of Premises</u>. The Debtor shall permit the Board and/or the New Operator to inspect the premises as often as necessary prior to the Termination Date, with the first contact to arrange inspection to take place no later than 9:00 a.m. on Monday, December 5, 2005. The first inspection shall take place no later than 10:00 a.m. on Tuesday, December 6, 2005. Additional inspections shall take place upon the Board and/or the New Operator notifying the Debtor at least 24 hours in advance, and the Board and/or the New Operator shall use its/their best efforts to avoid interruption or interference with the Debtor's business operations during any such inspection. Inspections may be for any purpose necessary to the transition of operation, including but not limited to the items listed in paragraphs 2.B through 2.G of this order.

B. <u>Inspection/Replacement of Equipment</u>. The New Operator needs to inventory and inspect all equipment at the facility and, as necessary and in its sole discretion, replace equipment.

C. <u>Access to Personnel and Personnel Records</u>. The New Operator needs to interview all current employees and personnel for possible retention, review their personnel files and to perform background checks.

D. <u>Meeting with Patients' Families</u>. The New Operator needs to contact patients' families in order to explain the transition and to provide and/or obtain any necessary information from them with respect to each patient's ongoing care.

E. <u>Medical Records</u>. The New Operator needs to review all patient medical records, including the Medication Administration Records which tell all medications each resident receives.

F. <u>Inventory of Perishables, Pharmaceuticals and Other Items</u>. The New Operator needs to make arrangements for food, medicines and other daily necessities so that all such items that are required will be available after the Termination Date.

G. <u>Software and Computer Information</u>. The New Operator needs access to all information contained on computers and assistance where necessary in accessing information stored thereon.

3. The Debtor agrees that it will continue its normal business operations through the Termination Date and will maintain all equipment and other personal property used in the daily operation of the business, and all personal property of the Debtor located at the premises shall not be removed therefrom. On the Termination Date, the Debtor will abandon and turn over to the Board and/or the New Operator possession of the premises along with all furniture, fixtures, equipment, electronic data and other personal property located thereon. All of said personalty shall be made subject of a motion pursuant to § 363 of the Bankruptcy Code to sell the same to the Board and/or the New Operator, or their designee, to be filed forthwith by the Debtor. The Board and/or the New Operator, or their designee, have agreed to pay the Debtor, and the Debtor has agreed to accept, $85,000 for all said personalty, subject to Court approval. Any property that is leased by the Debtor may be assumed by the Board, at its election, to be made after inspection thereof.

4.  The Debtor agrees to use its best efforts to contest the claims asserted against the estate by the Division of Medicaid and to reduce to the greatest extent possible the allowed amounts, if any, of said claims. To the extent necessary or desired by the Debtor, the Board agrees to make available to the Debtor after the Termination Date any information necessary to contest the aforesaid claims, or any other claims or other matters necessary to the administration of the estate after the Termination Date.

IT IS FURTHER ORDERED that, with respect to all medical records and other records relating to any patients or their care history, the Debtor is specifically ordered and directed to provide the Board and/or the New Operator, or their designee, all requested access to such records.

IT IS FURTHER ORDERED that the Debtor and the Board are hereby authorized and directed to carry forth the terms of this order and to make such arrangements and agreements as are necessary to ensure that the health, safety and welfare of the residents of the Jones County Rest Home is not compromised or negatively affected.

SO ORDERED on this the 2nd day of December, 2005.

EDWARD ELLINGTON
United States Bankruptcy Judge