IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:                                                              CHAPTER 11
DALESON ENTERPRISES, LLC                               CASE NO. 05-50095 EE

**MOTION FOR RECONSIDERATION, OR TO SET ASIDE
ORDER GRANTING (1) DEBTOR'S SECOND MOTION FOR ADDITIONAL
TIME WITHIN WHICH TO ASSUME OR REJECT UNEXPIRED LEASE OF
NON-RESIDENTIAL REAL PROPERTY, (2) JONES COUNTY BOARD
OF SUPERVISORS' MOTION FOR ORDER REQUIRING ACTION PRIOR
TO LEASE TERMINATION AND (3) OTHER RELATED RELIEF**

**COMES NOW, Zumwalt, Inc.,** by and through its' attorneys, and files this its Motion to Set Aside Order Granting (1) Debtor's Second Motion for Additional Time Within Which to Assume or Reject Unexpired Lease of Non-Residential Real Property, (2) Jones County Board of Supervisors' Motion for Order Requiring Action Prior to Lease Termination and (3) Other Related Relief entered by this Court on December 2, 2005, and would show unto the Court as follows:

1.  That paragraph 1 on page 2 of this Court's Order states that the Jones County Board of Supervisors is "the owner of the licence to operate the facility,...". Zumwalt, Inc. is the owner of the license to operate the facility located in Jones County, Mississippi.

2.  That Daleson Enterprises, LLC operated this facility under a lease with Zumwalt, Inc. A true and correct copy of the Lease is attached hereto as Exhibit "A".

3.  That Zumwalt, Inc. did not agree to the entry of this Court's Order and was not a party to the proceeding.

4.  That Zumwalt, Inc. is unaware of any adversary being instituted against it regarding the ownership of said license.

**WHEREFORE, PREMISES CONSIDERED,** Zumwalt, In. respectfully requests that

this Court either reconsider its December 2, 2005 Order or set aside the provision that the Board of Supervisors of Jones County, Mississippi is the owner of the license to operate a facility in Ellisville, Jones County, Mississippi, and for such other relief as is deemed just.

**THIS** the 9th day of December, 2005.

                                Respectfully submitted,
                                ZUMWALT, INC.

BY: _____
           EILEEN N. SHAFFER
           Its Attorney

EILEEN N. SHAFFER
MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
(601) 969-3006

THOMAS L. KIRKLAND, JR.
MSB # 1461
JULIE BOWMAN MITCHELL
MSB # 10064
Copeland Cook Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020
(601) 856-7200

## CERTIFICATE OF SERVICE

I, Eileen N. Shaffer, attorney for Zumwalt, Inc., do hereby certify that I have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing Motion to Set Aside Order Granting (1) Debtor's Second Motion for Additional Time Within Which to Assume or Reject Unexpired Lease of Non-Residential Real Property, (2) Jones County Board of Supervisors' Motion for Order Requiring Action Prior to Lease Termination and (3) Other Related Relief to the following on the day and year hereinafter set forth:

Craig M. Geno, Esq.
Attorney for Debtor
Harris Geno & Dunbar
Post Office Box 3380
Ridgeland, MS 39158-3380

Douglas C. Noble, Esq.
Attorney for Jones Co. Board of Supervisors
Phelps Dunbar, LLC
P. O. Box 23066
Jackson, MS 39225-3066

Marcus M. Wilson
Bennett, Lotterhos, Sulser & Wilson
Post Office Box 98
Jackson, Mississippi 39205

Jonathan B. Fairbank, Esq.
P. O. Box 13276
Jackson, MS 39236-3276

James E. Wade, III
Wilkes & McHugh
One North Dale Mabry, Suite 800
Tampa, FL 33609

United States Trustee
100 West Capitol St., Suite 706
Jackson, MS 39269-1602

**SO CERTIFIED** this the 9th day of December, 2005.

EILEEN N. SHAFFER

STATE OF MISSISSIPPI
COUNTY OF JONES

## LEASE CONTRACT

This Lease Contract is made and entered into on this the *First* day of *March 2002* by and between Zumwalt Inc, d/b/a Jones County Rest Home a Mississippi Corporation, hereinafter referred to as "Lessor," whose principal stockholder is Donna Zumwalt, and Daleson Enterprise,LLC a Mississippi Limited Liability Company, hereinafter referred to as "Lessee," whose principal stockholders are Larry Russell and Larry Fortenberry.

### I. INTRODUCTION

In consideration of the rents and the mutual covenants and agreements hereinafter set forth, Lessor hereby leases to Lessee, and Lessee hereby rents and hires from Lessor, said property being more particularly described in Exhibit "A" attached hereto and by reference made a part hereof, together with all appurtenances and means of access thereto, and together will all buildings, structures, parking areas, and all other improvements now or at any time hereafter during the term of this lease of any extensions hereof erected, constructed, or situated thereon, said property, buildings, structures and improvements being collectively called the "Demised Premises." The Demised Premises shall include, in addition to the land, building, and other appurtenances, all equipment, furniture, fixtures, utensils and supplies now placed in the Demised Premises by Lessor, as listed and described in Exhibit "B" attached hereto and incorporated herein by reference.

As part of this Lease Contract, Lessor agrees to transfer the license to operate Jones County Rest Home to Lessee for the term of this Lease. At the conclusion of this Lease Contract Lessor agrees to sale all assets associated with this lease for a set price of *$750,000.00*. Attached Purchase agreement and terms Exhibit "C".

### II. TERM

The term of this Lease Contract shall run until the close of business on *December 31, 2005*. At the close of business on *December 31, 2005* the Lessee will become the owner of Jones County Rest Home per Exhibit "C".

The date of occupancy shall be *March 1, 2002*, Lessor shall be entitled to all receive all profits for services rendered on or before *March 1, 2002*.

### III. RENT

Lessee agrees to pay unto Lessor rental of *$10,000.00* per month during the term of this Lease Contract. Payments shall be due monthly on the *17th* of each month beginning *April 17th*,

**EXHIBIT**

A

*2002* for a total of *45* months during the term.

The parties agree that if the Mississippi Legislature at any time during the term of this lease (with the exception of the 2002 session cut of 5% which has already been taken into consideration) cuts the Medicaid reimbursement rate to Jones County Rest Home, then the rental lease payment may have to be adjusted. The parties agree to negotiate fairly and reasonably with one another in this event and that the lease payment will not be decreased more than the percentage that the Legislature cuts the reimbursement rates.

## IV. NET LEASE

It is the intention of the parties hereto that this Lease Contract be a net lease to Lessor. During the term of this lease, Lessee shall pay to Lessor the rental provided herein, and Lessee shall pay all other costs and expenses attributable to the Demised Premises and the leasehold estate granted hereby, with the exception of income taxes payable by Lessor with respect to the rental paid by Lessee to Lessor.

Without Limitation of the foregoing, Lessee shall pay the following:

A. Ad valorem taxes attributable to the Demised Premises.

B. Liability and casualty insurance covering the Demised Premises and Lessee's operations thereon as further set forth herein.

C. All utilities attributable to the Demised Premises, including, but not limited to water, sewer, gas and electricity.

D. All repair and maintenance, including replacement where necessary, as further set forth herein.

E. All supplies required by Lessee's operations on the Demised Premises, including, but not limited to fuel, janitor, food, linen, computer, accounting, and other third party contracts and services, regardless of whether the cost thereof be a charge or imposition against the Demised Premises.

If lessee fails to make any payment required by Lessee to be made pursuant to this Section IV, Lessor shall have the right to pay the same and such payment shall be added to the rental of the Demised Premises and shall be due and payable on demand by Lessor.

## V. WARRANTY OF LEASE

Lessor warrants that it has the full and unrestricted right to lease the Demised Premises to Lessee during the term of this lease and guarantees uninterrupted right to use and possession of

the premises to Lessee for causes not attributable to Lessee, and will defend all adverse claims. Lessor further warrants that the Demised Premises is free of all liens and encumbrances except the mortgage lien securing the permanent loan describe above.

## VI. USE OF DEMISED PREMISES

Lessee shall use the Demised Premises as an 122 bed nursing home. Lessee shall operate such nursing home and ancillary facilities which may include the sale of medicines, drugs, nursing supplies, and other similar and appropriate items. The nursing home business to be operated on the Demised Premises shall be continuously open and operating. Lessee shall maintain the Demised Premises, and Lessee shall operate the nursing home business to be operated on the Demised Premises, in accordance with all applicable requirements and standards of federal, state, and local governments and regulatory bodies having jurisdiction thereof.

## VII. CONDITION OF PREMISES; REPAIRS AND MAINTENANCE

A. All conditions of premises; repairs and maintenance will be in accordance with the agreement with the Jones County Board of Supervisors.

## VIII. INSURANCE

During the term of this lease, commencing at the beginning of the rental period, Lessee agrees, at the expense of Lessee, to provide and keep in force comprehensive general liability insurance with limits of not less than $1,000,000.00. Per person with a responsible insurance company or companies protecting Lessor and Lessee against any liability to any per person whatsoever for personal injury ( including death) or property damage arising out of in connection with Lessee's use of Demised Premises. Lessee also agrees that ti will at all times during the term of this lease, commencing at the beginning of this lease, at its expense, provide and keep in force fire, windstorm, and other casualty insurance with full extended coverage protection upon the building and other improvements and personal property now or at any time hereinafter built or located upon said Demised Premises, if at any time the Jones County Board of Supervisors does not cover the said property. Lessee shall be solely responsible for any losses to the Demised Premises including all fixtures, equipment, supplies, etc., not covered by insurance. Such policy shall be payable to the Lessee and canceled or non-renewed without thirty days advance notice to Lessor. Lessee shall furnish to Lessor from time to time certificates showing that such policies are in effect and that premiums therefore have been paid.

Should the building upon the Demised Premises be destroyed or damaged by fire or other cause, the repair would be covered under the Ins Policy of the Jones County Board of Supervisors.

## IX. DEFAULT; REMEDIES

Lessee shall be in default under this lease upon the occurrence of any of the following:

1. The non-payment by Lessee of any monthly installment of rent, or the non-payment by Lessee of any other payment obligation of Lessee under this lease ( including, but not limited to, for taxes, insurance, utilities, repair and maintenance, and mortgage payment) within 10 days after the due date for such payment, with such non-payment to continue for a period of at least 10 days following the sending of a notice by the Lessor to the Lessee, which notice shall specifically set out the amount of money past due for 10 days or more according to the terms hereof, and which notice shall specify that Lessor has the right to cancel this lease for non-payment of such amount following the period of 10 days referred to in such notice.

2. Breach, default, or noncompliance by the Lessee with any other covenant contained in this lease followed by Notice from Lessor to Lessee and the failure of Lessee to remedy or correct such breach, default or non-compliance within 30 days after receipt of such notice.

3. The appointment of a receiver for Lessee of substantially all of its property on the grounds of insolvency or inability to pay debts as they mature, or if Lessee shall be adjudged to be Bankrupt, or a receiver shall be appointed for Lessee.

4. If Lessee loses its license or fails to maintain good standing with the Mississippi State Department of Health, Division of Medicaid and with the Division of Medicare for the operation of said facility.

5. If Lessee does not, for a period of 60 consecutive days, continuously operate a nursing home business in the Demised Premises.

6. If Larry Fortenberry and Larry Russell at any time do not own a majority of the equity ownership of Lessee.

7. If the tenant's interest in this lease is at any time transferred to a party other than Lessee, whether by voluntary action of Lessee including assignment or sublease, by operation of law, or by legal process, without the prior written consent of Lessor.

In the event Lessee is in default under this lease as set forth above, Lessor shall have the following rights and remedies: Upon the occurrence of an event of default, Lessor shall have the right to terminate this lease, in which event Lessee shall immediately surrender the Demised Premises to Lessor, and if Lessee fails to do so, Lessor may enter upon and take possession of the Demised Premises and expel and remove Lessee and change the locks, without being liable for prosecution or any claim for damages therefor; and Lessee agrees to pay to Lessor on demand the amount of all loss and damage which Lessor may suffer by reason of such termination, including loss of rents. If Lessor elects to relet the Demised Premises and receive the rent therefor, then Lessee

agrees to pay Lessor on demand any deficiency that may arise from such reletting, including costs of reletting. In addition to the foregoing remedies. Lessor shall have any and all other remedies provided by Mississippi law in the event of breach by Lessee.

## X. WAIVER OF RIGHTS

No failure of Lessor to exercise any poser given Lessor hereunder, or to insist upon strict compliance by Lessee with its obligations hereunder, and no custom or practice of the parties at variance with the terms hereof shall constitute a waiver of Lessor's right to demand compliances with the terms hereof.

## XI. NOTICE

Notice as herein provided for shall be given in writing and shall be addressed as follows:

LESSOR: ZUMWALT, INC.
C/O DONNA ZUMWALT
75 NEIL ROAD
ELLISVILLE, MS 39437
601-477-3115

LESSEE: DALESON ENTERPRISE, LLC
418 CENTER STREET
SUMRALL, MS. 39482

## XII. INSPECTION

Lessee agrees that it will permit Lessor or any duly authorized agent of Lessor free access to the demised premises at any reasonable time for the purpose of examination and inspection.

## XIII. ASSIGNMENT AND SUBLETTING

Lessee may assign it rights to said lease providing the new Lessor agrees to all conditions of this lease and is approved by the Mississippi State Board of Health to provide Nursing Home Care in the State of Mississippi

## XIV. INDEMNITY

Lessee will defend, indemnify and hold Lessor harmless from and against any and all costs ( including attorney's fees), losses, damages, judgments, fines, claims, and liabilities to any person or property while in or on the Demised Premises during the term of this lease ( including statutory liability and liability under Worker's Compensation Law) regardless of the cause thereof, including, but not limited to , claims arising out of the condition of the Demised Premises, operation of the Demised Premises as a nursing home, care for the

residents of the nursing home, or the condition of any street or sidewalk on or adjacent to the nursing home. Further, Lessee agrees to indemnify and hold Lessor harmless from any costs ( including attorney's fees), losses, damages, judgments, fines claims, and liabilities arising out of Lessee's breach of any provision of this lease.

## XIV. ALTERATIONS

Lessee may not make any alterations, additions or improvements to the Demised Premises without the prior consent of Lessor, which shall not be unreasonably withheld; provided, that consent shall be subject to Lessor's satisfaction that the proposed alterations, additions or improvements will not decrease the value of the Demised Premises. Any such alterations, additions or improvements shall become the property of said owner at the end of the term of this lease.

## XV. COMPLIANCE WITH LAW

Lessee shall at all times comply with applicable laws in its use of the Demised Premises.

## XVI. BROKERS

This lease was brought about by direct negotiations between Lessor and lessee and no broker is entitled to a commission as a result of the execution of this lease or the creation of the leasehold estate herein. Lessor and Lessee each agree to indemnify the other for any such claims which arise from their actions.

## XVII. APPLICABLE LAW

The law of the State of Mississippi shall govern this lease and its interpretation.

## XVIII. AMENDMENT

This instrument represents the complete agreement of the parties with regard to its subject matter and may not be amended except by an instrument in writing signed by Lessor and Lessee.

## XIX. SUCCESSORS AND ASSIGNS

This lease shall be binding upon. And inure to the benefit of the parties respective successors and permitted assigns.

WITNESS the signatures of the parties hereto on this the date written above.

LESSOR:

By: *[signature]*
Larry Fortenberry, Member
Daleson Enterprise, LLC

By: *[signature]*
Larry Russell, Member
Daleson Enterprise, LLC

LESSEE:

By: *[signature]*
Donna Zumwalt, President
Zumwalt, Inc.