IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE: DALESON ENTERPRISE, LLC
CAUSE NO. 05-50095-ee

SETTLEMENT ON THE RECORD

BEFORE THE HONORABLE EDWARD ELLINGTON
UNITED STATES BANKRUPTY COURT JUDGE

Wednesday, November 23rd, 2005
Jackson, Mississippi

Appearances:

    DOUG NOBLE, ESQ.
    D. WILLIAMSON, ESQ.
        Rep Jones County Board of Supervisors

    CRAIG GENO, ESQ.
        Rep Daleson Enterprise LLC

**ORIGINAL**

MELISSA SAXTON, CSR
Certified Shorthand Reporter
Notary Public

MELISSA L. MAGEE PROFESSIONAL REPORTING SERVICES
Post Office Box 433
Mt. Olive, Mississippi 39119
601.797.9240
1.800.73STENO

1       **THE COURT:** The Court has before it at
2  this time the case of *Daleson Enterprise, LLC,*
3  *Bankruptcy Case No. 05-50095.* There are two
4  principal matters before the Court today.
5  One was a second motion for additional time in
6  which to resume or reject an unexpired lease of
7  non-residential real property which was filed
8  by the debtor-in-possession, and a response to
9  that by the Jones County Board of Supervisors.
10 And then another motion by the Jones County
11 Board of Supervisors seeking certain actions
12 prior to the termination of the lease.
13     I have been advised by attorneys for the
14 parties that certain agreements have been
15 reached on these matters. If that's correct,
16 I'd ask that someone announce it into the
17 record.
18     **MR. NOBLE:** Thank you, Your Honor. Doug
19 Noble on behalf of the Jones County Board of
20 Supervisors. And I'd ask Mr. Geno to confirm
21 or correct any of these terms.
22     But we've agreed -- the County has agreed
23 to pay to the debtor which would be subject to
24 a 363 sale to be filed and noticed out $85,000
25 for all of the personal property. Essentially,

1  all of the assets that are there at the
2  facility that are owned by the debtor. We
3  understand that there are some leases to
4  copiers and perhaps some other office
5  equipment. I don't think the County is
6  interested in buying, but that is to be
7  determined.
8  And the debtor and the County have agreed
9  that the debtor will provide access to the
10 facility to the hospital, South Central
11 Regional Medical Center, which is the new
12 lessee effective January 1, 2006. And parties
13 are to discuss the actions and the timing of
14 those actions in the coming days, if not today.
15 But in any event, all of those actions will be
16 the 31st, when Daleson will vacate the
17 premises, leaving all of the personal property
18 there unless all of the parties agree to an
19 extension that's necessary. I don't think
20 there's anything else.
21 **MR. WILLIAMSON:** Doug, we do want to get
22 that by December the 1st, for access?
23 **MR. NOBLE:** Okay. That's going to be
24 requested to begin December 1 inspections and
25 those actions. The medical records too, I

1  think.

2  **MR. GENO:** We've also agreed, Your Honor,
3  to pursue all accounts receivable owed to the
4  debtor in good faith and to cooperate with the
5  hospital in that transition period, as far as
6  that's concerned. The debtor will maintain his
7  accounts receivable. But we will work those
8  up, pursue them in good faith, use our best
9  effort to collect those.

10  **THE COURT:** All right.

11  **MR. NOBLE:** And to oppose the claim of the
12  Department of Medicaid as well. That's in
13  connection with that. But also, Judge, we'd
14  ask that in the order that's approved in all of
15  this, that access to medical records is one of
16  the actions that requested to be taken. I
17  think, to the benefit of the parties,
18  particularly the debtor, we ask that you would
19  order that.

20  **THE COURT:** All right.

21  **MR. NOBLE:** Relieve them from any
22  potential disclosure liability. I believe that
23  summarizes.

24  **MR. GENO:** I believe that's our agreement,
25  Your Honor.

1       **THE COURT:** All right. Y'all can work up
2  the exact language on the medical records, but
3  I do think it's -- I mean, we all know the same
4  thing, it's very important to the patients
5  themselves that access be granted to the new
6  party so that the patients can be taken care
7  of.
8       I also want to thank all parties concerned
9  for working this out. This is not the first
10 time I've been involved in facilities involving
11 old and sick people, and I always have to keep
12 them utmost in mind. And I think all of you
13 agree on that. This is not part of my job and
14 maybe it's improper -- apologies all concerned,
15 but I tell everybody here what I told the
16 parties in chambers, whoever the new party is,
17 if you have not already done the agreement,
18 make sure you have some good people who are
19 really familiar with healthcare to help you
20 draft that and particularly deal with what's
21 supposed to be done at the end of the lease,
22 which is the problem we have today, as I
23 understand it.
24      Thank you for working to get this handled
25 for the patients themselves. Bankruptcy,

1    basically, deals with money, but you can't
2    forget the human element.  And I thank all of
3    y'all for resolving this because you can do it
4    much better than I could.  Anything else to
5    come before the Court?
6        **MR. NOBLE:** No, Your Honor.
7        **THE COURT:** Who's going to draft that
8    order?
9        **MR. NOBLE:** I will, Your Honor.
10       **THE COURT:** All right.  Submit it to
11   Mr. Geno.  All right.  We stand adjourned.
12                    (ADJOURNED)
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATE OF COURT REPORTER

I, Melissa Saxton, CSR and Notary Public in and for the County of Yazoo, State of Mississippi, hereby certify that the foregoing pages, and including this page, contain a true and correct transcript of the testimony of the witness, as taken by me at the time and place heretofore stated, and later reduced to typewritten form by computer-aided transcription under my supervision and to the best of my skill and ability.

I further certify that I am not in the employ of or related to any counsel or party in this matter, and have no interest, monetary or otherwise, in the final outcome of the proceedings.

Witness my signature and seal this the 14 day of December, 2005.

*Melissa Saxton*
MELISSA SAXTON, CSR