IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:                                        CHAPTER 11
DALESON ENTERPRISE, LLC           CASE NO. 05-50095
d/b/a JONES COUNTY REST HOME
_____/

**OBJECTION OF THE WILKES & McHUGH TORT CLAIMANTS
TO THE DISCLOSURE STATEMENT**

       This Objection is filed on behalf of the personal injury and wrongful death tort claimants represented in the above-referenced bankruptcy by the law firm of Wilkes & McHugh, P.A. A list of all such claimants is attached hereto as Exhibit A and is incorporated herein by reference (hereinafter referred to as "Claimants" or "Objectors"). The Claimants, by and through the undersigned counsel, hereby file this objection pursuant to 11 U.S.C. §1125 and Rule 3017, Federal Rules of Bankruptcy Procedure, to the *Disclosure Statement* filed by the Debtor (collectively the "Debtor") and in support thereof the Objectors state as follows:

       1.      The Disclosure Statement circulated in connection with the above-referenced bankruptcy case should not be approved due to a failure to comply with all applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code"), including, but not limited to, those requirements set forth in section 1125(a) of the Bankruptcy Code.

       2.      The Debtor's Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, such that would enable a hypothetical reasonable investor or a reasonably prudent creditor to make an informed judgment about the proposed Debtor's Plan of Reorganization filed under Chapter 11 of the Bankruptcy Code (the "Plan"). A non-exclusive

list of the specific types of information missing from the Disclosure Statement and the specific types of information that should be included therein is set forth below.

    3.    The Disclosure Statement fails to disclose sufficient specific insurance policy information to allow tort claimants to make an informed decision regarding the options available. Specifically, the Disclosure Statement should provide information including applicable deductibles and self-insured retentions ("SIR") that remain on under each policy; whether the Debtor have paid all premiums, and the status of any and all defenses to coverage, and most importantly to tort claimants, the amount of coverage remaining in each policy. Further, the Disclosure Statement should contain specific information regarding excess and umbrella coverage.

    4.    The Disclosure Statement should list all of the tort claimants who have filed suit or otherwise notified the Debtor of their intent to file suit. Further, the Debtor should also disclose which claims are covered under each policy. Without this information, the Wilkes & McHugh, P.A. Tort Claimants are unable to make an informed decision about the Plan of Reorganization. It is well settled that information regarding details of the Debtor's insurance assets is material to creditors and should be disclosed.

    5.    The Debtors have failed to provide adequate information regarding how they will satisfy their burden of their insurance deductible or explain the extent of estimated net operating income for three years suggested to be paid to unsecured creditors, and whether or not this will impact the availability of insurance coverage regarding pending tort claims. The Debtors are in the best position to determine these details and should be required to include them in the disclosure statement. Without this information, the Wilkes & McHugh tort claimants are unable

to make an informed decision about the Plan of Reorganization.

6. The Objectors hereby incorporate and adopt, as though fully set forth herein, any objection to the Disclosure Statement asserted by the U.S. Trustee or other parties and interests.

**WHEREFORE**, based upon the foregoing, the Objectors respectfully requests this Court to sustain the instant objection, to require the Debtor to supplement the Disclosure Statement to cure the above-described deficiencies and to amend the Disclosure Statement to set forth the information requested hereinabove, and for such further relief as is just and equitable.

**DATED**, this 17th day of March, 2006.

By:    /s/ James E. Wade, III_____
James E. Wade, III, Esquire
FL Bar No. 374083
Wilkes & McHugh, P.A.
Tampa Commons-Suite 800
One North Dale Mabry Hwy
Tampa, Mississippi 33609
Telephone: (813) 873-0026
Fax: (813) 286-8820

ATTORNEY for the Wilkes McHugh Tort Claimants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Appearance and Request for Notices and Papers has been furnished either electronically or by regular U.S. mail this 17th day of March, 2006, to: Debtors, **Daleson Enterprise, LLC,** P.O. Box 345, Sumrall, MS 39482; **Jones County Rest Home**, 683 County Home Road, Ellisville, MS 39437, and Debtor's Counsel, **Derek A Henderson,** 111 E. Capitol St. Suite 455, Jackson, MS 39201.

    /s/ James E. Wade, III
JAMES E. WADE, III

**EXHIBIT "A"**

1.     The **Estate of Mary Christoffer**, by and through Charles Christoffer, Jr., Individually and as Personal Representative of the Estate of Mary Christoffer, and for the use and benefit of the Estate and the Wrongful Death Beneficiaries of Mary Christoffer